```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                    3:09CV236-MU-02
```

```
MACK EUGENE POLK, JR.,     )
     Plaintiff,            )
                           )
       v.                  )
                           )
EDDIE CATHEY, Sheriff of   )
  Union County;            )
DON ROUSSEAU, Deputy for   )
  Union County Sheriff's   )
  Office; and              )
JOEL C. LUKE, Detective    )          O R D E R
  for Union County         )
  Sheriff's Office,        )
  tional Institution;      )
     Defendants.           )
_____)
```

**THIS MATTER** comes before the Court upon Defendants' Notice of Removal, filed June 11, 2009. For the reasons stated herein, Plaintiff's federal claims will be <u>denied</u>, and his supplemental claims under North Carolina law will be <u>remanded</u> to the Superior Court of Union County for consideration and resolution of those matters.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

According to the Notice of Removal, on May 7, 2009, Plaintiff filed a Complaint in the Superior Court of Union County naming the above-listed County employees as defendants to his action. More particularly, Plaintiff alleges that on October 17,

2006, a witness in a domestic violence case in which he was the defendant told Defendant Rousseau that Plaintiff had left text messages on her cellular telephone and a note on her car. Plaintiff alleges that Defendant Rousseau, without first conducting any investigation into the witness' statements, arrested him for violating a Protective Order and for intimidating a witness. Plaintiff further alleges that Rousseau had no reasonable grounds or evidence to support that arrest; and that Rousseau's conduct caused him to undergo mental health treatment for anxiety and depression.

As to Sheriff Cathey, Plaintiff alleges that this Defendant was "grossly negligent" in failing to maintain "NC and US Constitutional customs within his department" and in deliberately disregarding the "legal proceedings according to NC and US established rules and principles for the protection and enforcement of private rights." Plaintiff claims that such conduct by Defendant Cathey caused him to suffer "substantial losses of liberty . . . , substantial pain and suffering," and caused him to suffer "substantial economic loss."

As to Defendant Luke, Plaintiff alleges that both Luke and Defendant Cathey "intentionally and deliberately" and "in reckless and callous disregard for Plaintiff's life, safety and privacy," released "degrading, humiliating, libelous information" about Plaintiff's sex offense charges (for second degree rape,

2

three counts of second degree sex offense, and two counts of crimes against nature) to the Enquirer Journal. Plaintiff further alleges that the Enquirer Journal, in reliance upon the information provided by Defendants Luke and Cathey, published information concerning his arrest for those offenses; that such information included Plaintiff's home address; and that Plaintiff was subjected to threatening, late night phone calls, to having trash thrown into his yard, to having his window smashed, and to having citizens ride past him yelling explicit and derogatory comments at him. Plaintiff claims that such incidents put him in fear for his life and for his family members' lives; and that such published information damaged his character in his community.

Last, Plaintiff reports that on February 8, 2008, he was acquitted of the sex offense charges; and he was acquitted of having violated a the Protective Order and of having intimidated a witness. Consequently, Plaintiff alleges that Defendants Rousseau and Cathey are liable to him for false arrest and false imprisonment, all in violation of the Fourth and Fourteenth Amendments, the Due Process Clause and various provisions under North Carolina law. Plaintiff further alleges that Defendant Cathey is liable to him for negligence and/or gross negligence and for deliberate indifference, in violation of both federal and North Carolina provisions. Plaintiff alleges that Defendant

Rousseau also is liable to him for negligence. Plaintiff alleges that all three Defendants are liable to him for libel, slander and defamation of character. Plaintiff alleges that Defendant Cathey and Luke are liable to him for reckless endangerment and invasion of privacy in violation of federal and State law. Finally, Plaintiff alleges that Defendants Cathey and Luke are liable to him for simple negligence.

For its part, this Court carefully has reviewed Plaintiff's allegations and, notwithstanding his apparent belief to the contrary, the Court finds that his purported federal claims fail to state a constitutional claim for relief. Accordingly, the Court will dismiss those matters. Furthermore, inasmuch as Plaintiff's remaining claims may, at most, set forth causes of action under North Carolina law, this Court will decline to exercise its supplemental jurisdiction to entertain those matters.

## II. ANALYSIS

"The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Section 1441 provides:

> (a) any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4

Thus, "[a] defendant may remove any action from a state court to a federal court if the action could have originally been brought in federal court." Yarnevic v. Brink's, Inc., 102 F.3d 753, 754 (4th Cir. 1996). However, "[b]ecause removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Furthermore, federal "supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which provides that:

> in any civil action of which the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

However, § 1367(c) provides that district courts may decline to exercise supplemental jurisdiction if, among other reasons, "the district court has dismissed all claims over which it has original jurisdiction."

Turning back to Plaintiff's Complaint, a careful reading of that document reveals that although he makes several non-specific references to the Constitution in connection with several of his causes of action, the only matters which conceivably can state any claims under federal law are Plaintiff's allegations concerning false arrest, false imprisonment, supervisory liability and municipal liability against Defendants Rousseau and Cathey.

5

As to the allegations of false arrest and false imprisonment, the law is clear that a claim for relief can be stated under the Fourth and Fourteenth Amendments on the basis of an allegation that a person was arrested without probable cause and thereafter was unlawfully detained. Smith v. Reddy, 101 F.3d 351, 356 (4th Cir. 1996); Brooks v. City of Winston-Salem, 85 F.3d 178, 182 (4th Cir. 1996). However, the law equally is well-settled that when a law enforcement officer makes an arrest pursuant to a facially valid warrant, he cannot commit the offense of false arrest in violation of the Constitution. Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). To put it another way, "a claim for false arrest may be considered only when no arrest warrant has been obtained." Id. at 568.

In the instant case, Plaintiff's allegations disclose that Defendant Rousseau arrested him pursuant to an arrest warrant. Therefore, even though Plaintiff also makes the conclusory assertion[1] that Defendant Rousseau "used FALSE probable cause to make secure warrants," that statement simply is insufficient to override the general rule that the securing of a valid warrant "breaks the causal chain and insulates the officer from a section 1983 claim based on lack of probable cause for an arrest or prosecution." Rhodes v. Smithers, 939 F.Supp. 1256, 1274

---

[1] Indeed, the Supreme Court has said that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555 (2007).

6

(S.D.W.Va 1995).

Furthermore, because Plaintiff's pre-trial seizure/detention was made pursuant to an arrest warrant, and that warrant was based upon a magistrate's finding of the existence of probable cause, Plaintiff's detention must be deemed reasonable. Brooks, supra, 85 F.3d at 184 & n.7. In sum, therefore, Plaintiff cannot state a claim for relief against Defendant Rousseau -- the arresting officer -- on his allegations of false arrest and false imprisonment.

Additionally, it has not escaped the Court's attention that Plaintiff does not allege that Defendant Cathey directly was involved with either his arrest and/or detention. Thus, to the extent that Plaintiff is proceeding against Defendant Cathey on claims of false arrest and false imprisonment pursuant to a theory of supervisory liability, those efforts also must fail.

Supervisory liability may attach under § 1983 if a plaintiff can establish, among other matters, that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff. Randall v. Prince George's County, Md., 302 F.3d 188, 206 (4th Cir. 2002), quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th cir. 1994). However, as was already explained, Plaintiff has failed to articulate a claim that Defendant Rousseau -- Defendant Cathey's

7

subordinate -- engaged in any unconstitutional conduct. Therefore, Plaintiff also cannot state a claim for supervisory liability against Defendant Cathey.

Nor can Plaintiff state a claim against Defendant Cathey for municipal liability on the basis of his conclusory allegations that Cathey failed to maintain constitutional customs within his department, and Cathey deliberately disregarded the "legal proceedings according to NC and US established rules and principles for the protection and enforcement of private rights." Rather, Plaintiff's allegations fall far short of showing the existence of a policy or custom which inflicted injury upon him, or that Defendant Cathey otherwise acted in a way which exposed him to municipal liability. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978) (noting requirement that plaintiff must show the existence of an unconstitutional action which was executed pursuant to governmental policy or custom). Therefore, Plaintiff cannot proceed with a claim of municipal liability against Defendant Cathey.

Equally Critically, in the absence of any federal claims to adjudicate, this Court will be left with a Complaint which originally was filed in State court, and which now sets forth, at best, claims for relief under North Carolina law. As was previously noted, this Court is well aware that it has the authority under 28 U.S.C. § 1367, to exercise its supplemental jurisdiction

in order to entertain the remaining claims. However, the Court declines to do so. That is, the Court has dismissed all of the matters over which it had original jurisdiction, and it finds that the parties will not be inconvenienced by being required to litigate their State law claims in State court. In addition, the Court notes that it has scarce judicial resources which it must carefully allocate. Therefore, the Court finds that Plaintiff's remaining allegations should be remanded to the State court for final resolution. See Shanaghan v. Cahill, 58 F.3d 106, 111 (4th Cir. 1995) (discussing factors informing court's decision about whether or not to exercise discretion and retain jurisdiction over state claims).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's federal allegations of false arrest and false imprisonment against Defendant Rousseau are **DISMISSED for their failure to state a constitutional claim for relief**.

2. Plaintiff's federal allegations of supervisory liability and municipal liability against Defendant Cathey are **DISMISSED for failure to state a constitutional claim for relief**.

3. Plaintiff's remaining State law allegations of negligence, libel, slander, defamation of character, reckless endangerment, and invasion of privacy against Defendants Rousseau, Cathey and Luke all are **REMANDED** to the Superior Court of Union County for consideration and final resolution.

9

4. The Clerk shall certify a copy of this Order to the Union County Clerk of Court, and shall send copies of this Order to all of the parties.

**SO ORDERED.**

Signed: June 17, 2009

Graham C. Mullen
United States District Judge